FILED
JAMES BONINI
CLERK
05 JAN -3 AM 11:51

FILED
DEC 3 0 2004
LEONARD GREEN, Clerk

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 02-4396

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court. This notice is to be prominently displayed if this decision is reproduced.

SEAN COLEMAN,

    Petitioner-Appellee,

v.

OHIO ADULT PAROLE AUTHORITY,

    Respondent-Appellant.

On Appeal from the United States District Court for the Southern District of Ohio

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 00-189

**Before:** BOGGS, Chief Circuit Judge, DAUGHTREY, Circuit Judge, and ALDRICH, District Judge.*

---

    **ANN ALDRICH, District Judge.** Respondent the Ohio Adult Parole Authority ("Ohio") appeals a judgment conditionally granting a writ of habeas corpus to petitioner Sean Coleman ("Coleman"). Coleman was convicted in state court of aggravated trafficking in cocaine, with a prior aggravated trafficking specification. The district court credited Coleman's arguments of prosecutorial misconduct and ineffective assistance of counsel under the Sixth Amendment to the United States Constitution and granted habeas relief, ordering the state to retry Coleman. For the following reasons, we affirm the district court's decision.

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

I.

A Hamilton County, Ohio, grand jury indicted Coleman on April 15, 1994, for the offenses of aggravated trafficking and receiving stolen property. Coleman was convicted of the former offense, and on July 22,1998 he was sentenced to five (5) to fifteen (15) years' incarceration.

The Ohio Court of Appeals, in affirming Coleman's conviction, found that a witness had informed the manager of a Travelodge hotel that a room occupied by Coleman and his brother, Leon, contained drugs and a gun. Police were notified, and surveillance of the room was initiated.

When Coleman and his brother exited the hotel room in a Ford Taurus, they were followed by plain-clothes officers. Police in a marked car attempted to stop the Taurus, which was traveling late at night without its headlights on, but were unable to do so before it turned into the parking lot of a fast-food restaurant. When both marked and unmarked cars followed the car into the parking lot, Coleman and his brother abandoned the vehicle and fled on foot.

Police apprehended the two brothers, and searched the abandoned vehicle, and a jacket therein, where they discovered 32 unit doses of crack cocaine and a gun. Leon was carrying $1,000 in cash; Coleman himself had $610 on his person, but no drugs.

During his trial for aggravated trafficking, Coleman stipulated to the introduction of a 1991 conviction for drug trafficking for the purpose of proving the prior offense allegation in the indictment. During closing arguments, the prosecutor made reference to this offense, stating: "It's the defendant's drugs. And how do we know that? Because it's his car. He's there, he has the money, the gun is found at his feet, and you can consider his prior record too, if you want to." On rebuttal, the prosecutor again referred to the prior conviction:

> The facts are the gun, the facts are the drugs, the facts are the money, the facts are the money is on him, the facts are the car is his, and the drugs are transported in his car. That's all you need. Don't forget that he's got a prior conviction for drug trafficking, too.

Coleman's counsel failed to object to these remarks.

## II.

On appeal from the grant or denial of a petition for a writ of habeas corpus, this court reviews the district court's conclusions of law *de novo* and its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999). An exception to the "clear error" standard is made for district court findings made on the basis of a state court record. In such instances, the district court possesses no more direct expertise than the appellate court, and its findings are reviewed *de novo*. *Miller v. Francis*, 269 F.3d 609, 613 (6th Cir. 2001).

The district court, adopting the report and recommendation of the magistrate judge, Sherman, found that Coleman was entitled to habeas relief based on his claims of prosecutorial misconduct and ineffective assistance of counsel[1]. This court finds no grounds on which to reverse the district court's finding that these actions unjustly prejudiced Coleman.

In granting Coleman relief, the district court found that the pair of references to his prior conviction were so prejudicial as to deprive him of a fair trial. The district court adopted the magistrate judge's recommendations, which included a detailed explanation of the basis for excluding propensity evidence under the common law. On this point, the magistrate judge quoted *Michelson v. United States*, 335 U.S. 469 (1948):

---

[1] The district court also rejected a number of Coleman's other arguments, including insufficiency of the evidence, before granting habeas relief on the basis of these two claims. Because the court credited Coleman's claim for ineffective assistance of counsel only as it stemmed from the failure to object, our analysis of the two grounds for habeas relief may be condensed.

> Courts that follow the common-law tradition almost unanimously have come to disallow resort by the prosecution to any kind of evidence of a defendant's evil character to establish a probability of his guilt. .... The state may not show defendant's prior trouble with the law, specific criminal acts, or ill name among his neighbors, even though such facts might logically be persuasive that he is by propensity a probable perpetrator of the crime. The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.

*Id.* at 476-76, and *Old Chief v. United States*,[2] 519 U,S, 172 (1997), in which the Supreme Court defined the

> term 'unfair prejudice,' as to a criminal defendant, [as] speak[ing] to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged ... Such improper grounds certainly include ... generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged.

*Id.* at 180 (analyzing issue, and excluding evidence, under Federal Rule of Evidence 403).

The recommendations adopted by the court proceed to the conclusion that the prosecution's remarks constituted an introduction of evidence "so extremely unfair that [it] violates fundamental conceptions of justice," *Dowling v. United States*, 493 U.S. 342, 352 (1990), and therefore a deprivation of Coleman's right to due process. In support of this conclusion, the court noted that evidence of Coleman's stipulated-to conviction does not qualify for any of the exceptions to the rule on propensity evidence – particular probative value in showing intent, an element of the crime, identity, malice, motive, or a system of criminal activity

---

[2] It bears noting that, since the Supreme Court's holding in *Old Chief*, stipulations such as Coleman's have become common practice by defendants seeking to avoid the prejudicial impact of evidence introduced to prove a prior conviction – an effect likely achieved by the prosecution's remarks.

– outlined in *Spencer v. Texas*, 385 U.S. 554, 560-61 (1967). Because Coleman did not raise the issue of his character, or testify on his own behalf, the court noted that the possibility of prejudice was not outweighed by the state's purpose.

Finally, the court adopted the magistrate judge's analysis of the prosecutorial misconduct under a seven-factor test. The court found that the objectionable remarks were:

(1) likely to mislead the jury and prejudice the accused;

(2) not isolated, but repeated (twice within the confines of a single-day trial);

(3) probably deliberate, since repeated;

(4) made in the context of a case supported by "weak" evidence;

(5) not objected to by defense counsel;

(6) not mitigated by any curative instruction.

*See Darden v. Wainwright*, 477 U.S. 168 (1986); *United States v. Young*, 470 U.S. 1 (1985); *Donnelly v. DeChristoforo*, 416 U.S. 637, 642-43 (1974); *Pritchett v. Pitcher*, 117 F.3d 959 (6th Cir. 1997). Only one factor – the lack of manipulation or misstatement of the evidence – was found to weigh in the state's favor. *See Darden*, 477 U.S. at 192; *Berger v. United States*, 295 U.S. 78, 84-85 (1935), *overruled on other grounds by Stirone v. United States*, 361 U.S. 212 (1960).

This Court agrees with the district court's decision to adopt this analysis in full, as well as the corresponding finding that any minimally competent attorney would have objected to the prejudicial remarks[3]. In its appeal to this Court, the state makes no argument against the seven

---

[3] This Court likewise finds no justification for disturbing the district court's findings on procedural default. Coleman's procedural default – the failure to object to the prejudicial instructions – is excused by the district court's favorable ruling on his claim of ineffective assistance of counsel. To hold otherwise would be to compound the injustice wrought upon Coleman by his attorney's poor performance.

factors, or the application thereof. The state's argument that counsel's failure to object to the remarks as part of a conscious strategy to use the prior conviction *in Coleman's favor* does little to rebut the district court's finding of ineffective assistance, and is supported by no case.

### III.

For the foregoing reasons, we affirm the district court's decision in all respects.